United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 18-17960-amc
Ronald Baylis, Jr.                                                    Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: JEGilmore          Page 1 of 1          Date Rcvd: May 15, 2019
                             Form ID: pdf900           Total Noticed: 4


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 17, 2019.
db              +Ronald Baylis, Jr.,   1131 Anchor Street,   Philadelphia, PA 19124-1114

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg              E-mail/Text: megan.harper@phila.gov May 16 2019 02:39:59      City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 16 2019 02:39:37
                 Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov May 16 2019 02:39:45      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
                                                                                        TOTAL: 3


              ***** BYPASSED RECIPIENTS *****
NONE.                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 17, 2019                              Signature:  /s/Joseph Speetjens


---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 15, 2019 at the address(es) listed below:
          CHRISTOPHER G. CASSIE   on behalf of Debtor Ronald  Baylis, Jr. ccassie@spearwilderman.com,
           kbrand@spearwilderman.com
          REBECCA ANN SOLARZ    on behalf of Creditor    PENNSYLVANIA HOUSING FINANCE AGENCY
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                          TOTAL: 4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Ronald Baylis, Jr. | | CHAPTER 13 |
| | Debtor | |
| | | |
| PENNSYLVANIA HOUSING FINANCE AGENCY | | |
| | Movant | NO. 18-17960 AMC |
| vs. | | |
| | | |
| Ronald Baylis, Jr. | | |
| | Debtor | |
| | | 11 U.S.C. Section 362 |
| William C. Miller Esq. | | |
| | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,667.32,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 2019 to April 2019 at $862.00/month |
| Late Charges: | January 2019 to April 2019 at $22.08/month |
| Suspense Balance: | $38.00 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$3,667.32** |

2.    The Debtor(s) shall cure said arrearages in the following manner;

a). On or before April 30, 2019, the Debtor shall make a down payment in the amount of **$867.00**;

b). Beginning on May 1, 2019 and continuing through January 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$862.00** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$311.15 from May 2019 to December 2019 and $311.12 for January 2020** towards the arrearages on or before the last day of each month at the address below;

PENNSYLVANIA HOUSING FINANCE AGENCY
211 NORTH FRONT STREET
P.O. BOX 15057
HARRISBURG, PENNSYLVANIA 17105

c).      Maintenance of current monthly mortgage payments to the Movant

thereafter.

3.      Should debtor(s) provide sufficient proof of payments (front & back copies of

cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account

accordingly.

4.      In the event the payments under Section 2 above are not tendered pursuant to the

terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in

writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice.

If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a

Certification of Default with the Court and the Court shall enter an Order granting the Movant relief

from the automatic stay.

5.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default

with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this

agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by the Movant of its

right to seek reimbursement of any amounts not included in this stipulation, including fees and costs,

due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.

Date:    April 18, 2019                           By: /s/ Rebecca A. Solarz, Esquire
                                                      Attorney for Movant

Date: 05/02/2019

                                                      Christopher G. Cassie, Esquire
                                                      Attorney for Debtor

Date: 5-6-19

                                                      William C. Miller, Esquire
                                                      Chapter 13 Trustee

                                                                      No Objection

Approved by the Court this _14th_ day of _May_____, 2019.  However, the court
retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan